**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| THE STATE OF MISSOURI, *et al.*, <br><br>          Intervenor-Plaintiffs, <br><br>    v. <br><br> U.S. FOOD AND DRUG ADMINISTRATION, *et al.*, <br><br>          Defendants, <br><br>    and <br><br> DANCO LABORATORIES, LLC, <br><br>          Intervenor-Defendant, <br><br>    and <br><br> GENBIOPRO, INC., <br><br>          Intervenor-Defendant. | Case No. 4:25-cv-01580-CMS |

**INTERVENOR-DEFENDANT GENBIOPRO, INC.'S MOTION FOR LEAVE TO FILE**
**CONSOLIDATED RESPONSE**

Intervenor-Defendant GenBioPro, Inc. ("GenBioPro") respectfully requests that the Court grant it until March 13, 2026, to file a consolidated response to Intervenor-Plaintiffs' Amended Complaint (Doc. 217) and Supplemental Complaint (Doc. 281). As explained below, this timing would help avoid potentially duplicative briefing and promote judicial economy by coordinating with the timing the Court has allowed for the Federal Defendants' response and that the other Intervenor-Defendant, Danco Laboratories, LLC ("Danco"), has requested for its response.

1.       There are two intervenor-defendants in this case: Danco and GenBioPro. Danco is the manufacturer of branded mifepristone, and GenBioPro has FDA approval to market generic mifepristone. While this action was pending in the Northern District of Texas, both Danco and GenBioPro were granted leave to intervene to defend against Intervenor-Plaintiffs' challenges to various FDA regulatory actions regarding their products. Doc. 33, 246.

1

2.      At the time of transfer to this Court, the Federal Defendants and both Intervenor-Defendants all had Rule 12 motions pending raising various threshold procedural and jurisdictional defenses to Intervenor-Plaintiffs' claims, such as Article III standing, exhaustion of administrative remedies, and venue.  The Federal Defendants and Danco had filed Rule 12 motions supported by full briefs.  Because those motions were already pending at the time GenBioPro intervened and GenBioPro took the same positions on the threshold procedural and jurisdictional defenses, GenBioPro avoided duplication by incorporating by reference and joining them.  Doc. 229.  As the Federal Defendants and Danco have explained in recent filings in this Court (Doc. 278, 283), the Northern District of Texas court's order transferring the case to this Court resolved the venue issue, but not the other issues.

3.      On December 22, 2025, this Court granted the Federal Defendants' request to have until March 6, 2026 to file a consolidated response to Intervenors' Amended Complaint as well as a new Supplemental Complaint that had just been filed on December 19, 2025.  Doc. 282.

4.      On December 23, 2025, Intervenor-Defendant Danco moved for leave to similarly file a consolidated response to the Amended and Supplemental Complaints.  Doc. 283.  Danco requested until March 6, 2026, the same deadline as Federal Defendants, to file a consolidated response to Plaintiffs' Amended and Supplemental Complaints, which would "allow Danco to renew the arguments in its previously filed motion to dismiss based on Eighth Circuit law, instead of the Fifth Circuit law upon which Danco relied while this action was pending in Texas."  *Id.*

5.      For the sake of coordination, GenBioPro respectfully requests a similar timetable to file its consolidated response, with one limited distinction.  GenBioPro requests until March 13, 2026—seven days after the Federal Defendants' deadline and the deadline Danco has requested.  Based on the previous briefing in the Northern District of Texas, where it joined and incorporated

by reference the other defendants' arguments, GenBioPro expects that there may be overlap among its arguments and those of the Federal Defendants and Danco, and wishes to avoid burdening the Court with redundant briefing.  Staggering its response by seven days would promote efficiency by enabling GenBioPro to review the Federal Defendants' and Danco's responses and tailor its own response accordingly, such as by joining or incorporating by reference other parties' arguments where appropriate.

**WHEREFORE**, Intervenor-Defendant GenBioPro requests that the Court grant it until March 13, 2026 to file a consolidated response to Intervenor-Plaintiffs' Amended Complaint and Supplemental Complaint.

Dated: December 24, 2025

Respectfully submitted,

ARNOLD & PORTER KAYE SCHOLER LLP

*/s/ Christopher Nease*

Christopher Nease (#57327 MO)
ARNOLD & PORTER KAYE SCHOLER LLP
700 Louisiana St., Suite 4000
Houston, TX 77002-2755
(713) 576-2400
chris.nease@arnoldporter.com

Skye L. Perryman*
Carrie Y. Flaxman*
Lisa Newman**
DEMOCRACY FORWARD
FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
sperryman@democracyforward.org
cflaxman@democracyforward.org
lnewman@democracyforward.org

Daphne O'Connor*
Robert J. Katerberg*
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, N.W.
Washington, D.C. 20001
(202) 942-5000
daphne.oconnor@arnoldporter.com
robert.katerberg@arnoldporter.com

*Counsel for Intervenor-Defendant GenBioPro, Inc.*

* Deemed admitted pro hac vice per Local Rule 12.01 and the Court's Case Opening Notification dated October 23, 2025

** Pro hac vice application forthcoming

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on December 24, 2025, I electronically filed the foregoing Motion using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties of record.

<u>/s/ Christopher Nease</u>
Christopher Nease