UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STATE OF MISSOURI et al., | ) | |
| | ) | |
| Intervenor-Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-CV-1580-CMS |
| | ) | |
| U.S. FOOD AND DRUG | ) | |
| ADMINISTRATION et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION FOR PARTIAL SEALING**

Earlier today, the States opposed Defendants' and abortion-pill manufacturers' attempt to dodge the inevitable: the vacatur of FDA's utterly inadequate and unlawful mifepristone REMS and approval of two generic abortion pills.  Doc. 302.  Those actions have caused and continue to cause the States and women irreparable harm.  *Id.*  In support of their opposition, the States filed a declaration made by a Missouri citizen who was given mifepristone—without her consent.  Doc. 302-2.  That woman has bravely shared the details of her story, despite the ongoing trauma that she is experiencing.  To protect this woman from backlash, retaliation, and further trauma, the States move to redact her name from the public record.  GenBioPro Inc. does not oppose this motion.  Defendants and Danco Laboratories, Inc. take no position.

**Background**

On March 6, 2026, Defendants moved to stay or, alternatively, to dismiss the States' amended and supplemental complaints.  Doc. 293.  Similarly, Danco and GenBioPro moved to dismiss.  Doc. 295, 297.  On March 27, 2026, the States filed a consolidated response to these motions, along with three exhibits.  Doc. 302.  Exhibit B to the consolidated response details a

Missouri woman's horrific story of a man giving her mifepristone to induce an abortion—without her consent. Doc. 302-2. The man's plan worked: the woman lost her child. *Id.*

Until five years ago, women were protected "from predators like him." *Id.* at ¶ 23. In 2021, the Biden Administration abolished a safeguard that required abortion pills to be dispensed in person. Doc. 217 ¶¶ 21–22, 203–04. This "enabled many existing abortion providers" (formerly brick-and-mortar businesses) "to provide abortion drugs by remote means." *Id.* ¶ 445. Undeterred by the fact that mailing abortion pills is a blatant violation of federal law, 18 U.S.C. § 1461; 18 U.S.C. § 1462, the abortion providers sent them "through the mail or by a common carrier," *id.* ¶ 448. By mid-2023, mail-only abortion providers sprung onto the scene. *Id.* ¶¶ 449–51. "The number of FDA-approved abortion drugs shipped across state lines has increased ever since." *Id.* ¶ 451. Now, abortion pills can be easily ordered online and received within a day. *See, e.g.*, Aid Access, *Get abortion and miscarriage care, wherever you are.*, https://aidaccess.org/en/ [http://archive.today/NW2fO] (last visited Mar. 27, 2026); Plan C, *Abortion pills by mail in every state.*, https://www.plancpills.org/ [https://archive.ph/tFQfp] (last visited Mar. 27, 2026);[1] Doc. 217 ¶¶ 300–86. Thus, the Biden Administration got what it wanted—easy access to abortion pills—all to the detriment of women like the one who has come forward today.

### Argument

The States move to partially seal the woman's declaration. There is, of course, a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). Thus, when considering a motion to seal, "the court must consider the degree to which sealing a judicial record would

---

[1] One of the abortion-pill manufacturers, Danco, provides a direct link to Plan C's website. Danco, *How Do I Get Mifeprex?*, https://www.earlyoptionpill.com/how-do-i-get-mifeprex [http://archive.today/6xm27] (last visited Mar. 27, 2026).

interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *Id.* at 1223.

Here, the balance tips in favor of sealing.  The States seek not to seal the woman's entire declaration but rather to redact only her name from the public record.  Redacting only her name will both protect the woman's safety and health and ensure that the public can read her full story. She fairly fears that if her name is made public, she will face backlash and retaliation for exposing the horrific effects that mail-order abortion has had on her.  Most obviously, she may face backlash and retaliation from the man who gave her the pills.  She also, however, could be subjected to backlash and retaliation from the general public, particularly considering that at every stage of this case, it has garnered national media attention.  Backlash and retaliation would only exacerbate the trauma that she is coping with.  Redacting her name will not only ensure that her health and safety remain intact but also ensure that the public has access to all the details that the Court would be considering, bolstering the public's confidence in the judicial system and ability to evaluate the reasonableness and fairness of judicial proceedings.  *Id.* at 1222.[2]

Thus, the States respectfully request that this Court grant this motion for partial sealing.

---

[2] For these same reasons, the States respectfully request that her name remain under seal indefinitely.

Date:  March 27, 2026

Respectfully submitted,

**CATHERINE HANAWAY**
Missouri Attorney General

*/s/ Louis, J. Capozzi, III*
Louis J. Capozzi, III, 77756MO
  *Solicitor General*
Kathleen Hunker, 24118415TX
  *Principal Deputy Solicitor General*
Alexandria L. Overcash, 97153VA
Madeline S. Lansdell, 78538MO
  *Assistant Solicitors General*

Office of the Attorney General
815 Olive St. Suite 200
St. Louis, Missouri 63101
Phone: (573) 645-9662
Fax (573) 751-1774
Louis.Capozzi@ago.mo.gov
Kathleen.Hunker@ago.mo.gov
Alexandria.Overcash@ago.mo.gov
Madeline.Lansdell@ago.mo.gov

*Counsel for Intervenor-Plaintiff State of Missouri*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 27, 2026, a true and accurate copy of the foregoing was electronically filed by using the Court's CM/ECF system to be served on all counsel of record entered in the case.

/s/ *Louis, J. Capozzi, III*