UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| THE STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Intervenor Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-CV-1580-CMS |
| | ) | |
| U.S. FOOD AND DRUG | ) | |
| ADMINISTRATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is the Intervenor-Plaintiffs' Motion for Partial Sealing. (Doc. 303). On March 27, 2026, Intervenor-Plaintiffs filed a consolidated response in opposition to three pending motions to dismiss.[1] (Doc. 302). Attached to Intervenor-Plaintiffs' consolidated response are two exhibits: an affidavit from the interim custodian of records of the Missouri Department of Health and Senior Services, (Doc. 302-1), and a declaration from a Missouri woman who avers that her then-boyfriend gave her abortion pills that he indicated were "pre-natal vitamins," which resulted in the loss of her pregnancy. (Doc. 302-2).  Intervenor-Plaintiffs seek leave to file the latter exhibit partially under seal, proposing that "only [the Declarant's] name" be redacted from the public record. (Doc. 303 at 3). Intervenor-Plaintiffs argue this redaction is necessary "[t]o protect [her] from backlash, retaliation, and further trauma," but will still "ensure that the public has access to all the details that the Court would be considering." *Id.* at 1, 3. As Intervenor-Defendant GenBioPro does not oppose the instant motion, and Defendants and Intervenor-Defendant Danco Laboratories "take no position," *Id.* at 1, the Court deems the motion unopposed.

---

[1] The motions to dismiss were filed by the Defendants (Doc. 293), Intervenor-Defendant Danco Laboratories, LLC, (Doc. 294), and Intervenor-Defendant GenBioPro, Inc., (Doc. 297).

"The Court recognizes the right of the public to access material filed with the Court in civil [] cases." E.D. Mo. L.R. Rule 13.05(A)(2). "[B]ut that right is not absolute." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018). "The presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Id.* When considering a motion to seal, Courts "must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT Corp. v. eBay*, 709 F.3d 1220, 1223 (8th Cir. 2013). "[W]here a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016). Considering the facts and circumstances of the instant motion, the Court finds that Intervenor-Plaintiffs have provided a sufficiently compelling rationale for redaction, and that redaction of only the Declarant's name is narrowly tailored to accomplish that purpose. On that basis, the Court grants the motion.

Accordingly, **IT IS HEREBY ORDERED** that Intervenor-Plaintiffs' Motion for Partial Sealing, (Doc. 303), is **GRANTED**. Doc. No. 304 and Doc. No. 304-1 shall remain under seal indefinitely.

So ordered this 31st day of March 2026.

**CRISTIAN M. STEVENS**
**UNITED STATES DISTRICT JUDGE**