UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STATE OF MISSOURI et al., | ) | |
| | ) | |
| Intervenor-Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-CV-1580-CMS |
| | ) | |
| U.S. FOOD AND DRUG | ) | |
| ADMINISTRATION et al., | ) | |
| | ) | |
| Defendants. | ) | |

## SECOND NOTICE OF SUPPLEMENTAL AUTHORITY

Last week, the Court of Appeals for the Fifth Circuit unanimously concluded that Louisiana is likely to succeed on the merits of its challenge to the 2023 Risk Evaluation and Mitigation Strategy for mifepristone and stayed the enforcement of such.  Ex. A.  Although administratively stayed through May 11, 2026,[1] this decision bears directly on (and undermines) arguments raised here in Federal Defendants' motion to stay or, alternatively, motion to dismiss and Danco Laboratories' and GenBioPro, Inc.'s motions to dismiss.  *Id.*  Thus, the States now submit this second notice of supplemental authority to advise the Court of *Louisiana v. FDA*, No. 26-30203 (5th Cir. May 1, 2026).  Ex. A.

Under *Louisiana*, States have standing to challenge the mifepristone actions based on sovereign harm and financial injury.  Ex. A at 9–12.  Louisiana's, like Missouri's, sovereign harm stemmed from the "avowed purpose of the 2023 REMS . . . to expand access to medication abortion." *Id.* at 9; Doc. 302 at 10–12.  Specifically, the 2023 REMS caused "federal interference with the enforcement of" state law:  "By ending the in-person dispensing requirement, FDA

---

[1] *See Genbiopro, Inc. v. Louisiana*, No. 25A1208, 2026 WL 1204238 (U.S. May 4, 2026) (mem); *Danco Laboratories, LLC v. Louisiana*, No. 25A1207, 2026 WL 1204237 (U.S. May 4, 2026) (mem).

opened the door for mifepristone to be remotely prescribed" and "facilitate[d] nearly 1,000 illegal abortions in Louisiana per month." Ex. A at 10. Causation and redressability, therefore, were easily shown. *Id.* Further, Louisiana suffered a financial injury—Medicaid costs linked to out-of-state mifepristone. *Id.* at 11–12. This injury is neither too speculative nor too attenuated; thus, it establishes both Louisiana's and Missouri's standing. *Id.*; Doc. 302 at 12–16.

Further, the manufacturers' exhaustive-of-administrative-remedies argument is meritless. Ex. A at 8. Relying on the Fifth Circuit's reasoning in *Alliance I*[2] and *Alliance II*,[3] the *Louisiana* court explained that the mifepristone challenges "were 'properly exhausted,'" and that it found "no reason to think that, today, FDA would administratively stay the 2023 REMS, which formalized the 2021 decision." *Id.* at 8 (citations omitted). So too here.

Finally, the 2023 REMS are stayed pending Louisiana's appeal. *See id.* at 15–18. As the court explained, FDA "concedes the regulations were marred by 'procedural deficits' and a 'lack of adequate consideration.'" *Id.* at 15. "The public's interest is not served by perpetuating a medical practice whose safety the agency admits was inadequately studied." *Id.* at 15–16. Moreover, staying the REMS "would do nothing to prevent FDA from completing its review of mifepristone's safety protocols." *Id.* at 17. Thus, the balance of equities and public interest weighed in Louisiana's favor, rendering a stay of the unlawful action (the 2023 REMS) under 5 U.S.C. § 705 appropriate. *Id.* at 18. This holding further supports that FDA's request for an indefinite stay of this case is inappropriate. Doc. 302 at 20–21.

For these reasons and those articulated in the States' opposition, Doc. 302, and their first notice of supplemental authority, Doc. 320, the Court should deny FDA's request to stay indefinitely this case and conclude that the States have standing.

---

[2] *All. for Hippocratic Med. v. FDA*, No. 23-10362, 2023 WL 2913725 (5th Cir. Apr. 12, 2023).
[3] *All. for Hippocratic Med. v. FDA*, 78 F.4th 210 (5th Cir. 2023), *rev'd on other grounds*, 602 U.S. 367 (2024).

Date: May 5, 2026

Respectfully submitted,

**CATHERINE HANAWAY**
Missouri Attorney General

*/s/ Louis J. Capozzi, III*
Louis J. Capozzi, III, 77756MO
   *Solicitor General*
Kathleen Hunker, 24118415TX
   *Principal Deputy Solicitor General*
Alexandria L. Overcash, 97153VA
   *Assistant Solicitor General*
Madeline S. Lansdell, 78538MO
   *Assistant Solicitor General*

Office of the Attorney General
815 Olive St. Suite 200
St. Louis, Missouri 63101
Phone: (573) 645-9662
Fax (573) 751-1774
Louis.Capozzi@ago.mo.gov
Kathleen.Hunker@ago.mo.gov
Alexandria.Overcash@ago.mo.gov
Madeline.Lansdell@ago.mo.gov

*Counsel for Intervenor-Plaintiff
State of Missouri*

**RAÚL R. LABRADOR**
Idaho Attorney General

Michael Zarian, #12418ID
   *Solicitor General*

Office of the Idaho Attorney General
P.O. Box 83720
Boise, Idaho 83720
Telephone: (208) 334-2400
Facsimile: (208) 854-8071
michael.zarian@ag.idaho.gov

Counsel for Intervenor-Plaintiff State
of Idaho

**KRIS W. KOBACH**
Attorney General of Kansas

James R. Rodriguez
   *Assistant Attorney General*

Office of the Attorney General
120 SW 10th Ave., 2nd Floor
Topeka, Kansas 66612
Telephone: (785) 296-7109
Facsimile: (785) 296-3131
Jay.Rodriguez@ag.ks.gov

*Counsel for Intervenor-Plaintiff
State of Kansas*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2026, a true and accurate copy of the foregoing was electronically filed by using the Court's CM/ECF system to be served on all counsel of record entered in the case.

/s/ *Louis J. Capozzi, III*